IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ALLEN PHILLIPS                                                                                               PLAINTIFF

vs.                              Civil No. 4:11-cv-04036

MICHAEL J. ASTRUE                                                               DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Allen Phillips ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments of counsel, this Court recommends Plaintiff's case be **AFFIRMED.**

**1.**     **Background:**

Plaintiff protectively filed his disability application on June 19, 2006. (Tr. 14, 151-155). In his application, Plaintiff alleged he was disabled due to a back injury, high blood pressure, and diabetes. (Tr. 165). Plaintiff also alleged being disabled due to depression. (Tr. 81). Plaintiff alleged an onset date of May 3, 2006. (Tr. 151, 165). His application was denied initially and again on reconsideration. (Tr. 92-93).

Plaintiff then requested a hearing on this application, and this hearing request was granted.

(Tr. 40-63). Plaintiff's first hearing in this case was held on March 13, 2008 in Texarkana, Arkansas. (Tr. 40-63). Subsequent to that hearing, on July 25, 2008, the ALJ entered an unfavorable decision on Plaintiff's application. (Tr. 97-105). Plaintiff appealed this unfavorable decision to the Appeals Council, and the Appeals Council remanded Plaintiff's case to the ALJ for further administrative review. (Tr. 106-109).

After this remand, the ALJ held a second administrative hearing. (Tr. 64-91). This hearing was held on April 1, 2009 in Texarkana, Arkansas. *Id.* At this administrative hearing, Plaintiff was present and was represented by Greg Giles. *Id.* Plaintiff, Medical Expert #1 ("ME1") Dr. Anthony Francis, Medical Expert #2 ("ME2") Dr. Paul Deyoub, and Vocational Expert ("VE") William Elmore testified at this hearing. *Id.* On the date of this hearing, Plaintiff was forty-one (41) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had completed the eighth grade in school and obtained his CDL license. (Tr. 74).

On June 4, 2009, subsequent to this hearing, the ALJ entered an unfavorable decision on Plaintiff's application. (Tr. 14-27). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act on May 3, 2006 and thereafter through December 31, 2007. (Tr. 26, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 3, 2006, his alleged onset date. (Tr. 26, Finding 2). The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease; diabetes mellitus; knee injury (post-operative arthroscopic surgery); hypertension; and chronic pain. (Tr. 26, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings"). *Id.*

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 26, Findings 4, 5, 7). First, the ALJ found Plaintiff's subjective allegations were not supported by the overall evidence and were not fully credible. (Tr. 26, Finding 4). Second, the ALJ found Plaintiff only retained the RFC to perform "sedentary work activity that involves lifting no more than ten pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." (Tr. 26, Finding 7).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 26, Finding 6). The ALJ determined Plaintiff's PRW included work as a truck driver. *Id.* The ALJ determined Plaintiff's RFC precluded him from performing his PRW. *Id.* However, the ALJ also evaluated whether Plaintiff could perform other work existing in significant numbers in the national economy. (Tr. 26, Finding 11). The ALJ based this determination on Medical-Vocational Rule 201.25. *Id.* Based upon Rule 201.25, the ALJ determined Plaintiff could perform other work existing in significant numbers in the national economy and had not been under a "disability," as defined by the Act, at any time through the date of his decision or through June 4, 2009. (Tr. 26, Finding 12).

On June 17, 2009, Plaintiff requested the Appeals Council's review of his case. (Tr. 8-9). On March 15, 2011, the Appeals Council declined to assume jurisdiction of his case and did not review his case. (Tr. 1-3).*See* 20 C.F.R. § 404.984 (2009). On April 13, 2011, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 7-8. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g)

(2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly

limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact-finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.  **Discussion:**

In his appeal brief, Plaintiff raises the following three specific arguments for reversal: (A) the ALJ improperly determined his impairments did not meet the requirements of Listing 1.02(A); (B) the ALJ failed to fully and fairly develop his vocational profile; and (C) the ALJ did not give proper consideration to his chronic pain. ECF No. 7 at 13-18. This Court will address each of these arguments for reversal. Additionally, in his briefing, Plaintiff raises several other miscellaneous issues. These issues will be addressed in the final section of this report and recommendation (Subpart D).

  A.  **Listing 1.02(A)**

Plaintiff claims his impairments meet the requirements of Listing 1.02(A). ECF No. 7 at 13-15. Plaintiff does not provide any specific argument to support his claim that any of his impairments meet the requirements of Listing 1.02(A). *Id.* Upon review, Listing 1.02(A) requires a demonstration of a "gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis,

instability).''  In Plaintiff's case, he has provided *no evidence* and *no argument* supporting his claim that he has a "gross anatomical deformity."  Thus, this argument is rejected, and this Court finds the ALJ properly determined Plaintiff's impairments did not meet the requirements of this Listing.  *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (rejecting "out of hand" appellant's conclusory assertion that the ALJ failed to consider whether he met certain listings where the appellant provided no analysis of the relevant law or facts).

      B.      **ALJ's Development of Plaintiff's Vocational Profile[1]**

Plaintiff claims the ALJ failed to develop his vocational profile "given . . . [his] illiteracy and non-exertional limitations."  ECF No. 7 at 15-16.  As an initial matter, despite Plaintiff's indication that he has other "non-exertional limitations," the only such limitation he has mentioned in his briefing is a limitation in his ability to read and write the English language.  *Id.*  Accordingly, this is the only alleged non-exertional limitation that needs to be discussed in this report and recommendation.

Further, even his support for his claim he is illiterate is not persuasive.  In his application, he *contradicted his current claim he is illiterate* and stated he was able to read and write in the English language.  (Tr. 164).  Also, at the administrative hearing in this matter, Plaintiff characterized his limitation in reading and writing as being mild and only claimed he was unable to "remember how to spell certain words."  (Tr. 74).  Indeed, the only support in the transcript Plaintiff offers for his claim he is illiterate is from a treatment note at the Southwest Arkansas Counseling and Mental

---

[1] Under this argument header, Plaintiff also makes the off-handed comment that the ALJ erred by relying upon the opinions of Dr. Holladay, a consultative physician.  ECF No. 7 at 15-16.  Plaintiff does not provide further argument on this issue.  ECF No. 7.  While Plaintiff is correct that the ALJ relied upon Dr. Holladay's opinions, Plaintiff is incorrect in his claim that the ALJ relied *exclusively* upon his opinions.  The ALJ also thoroughly reviewed the record in assessing Plaintiff's limitations.  (Tr. 14-27).  Because Plaintiff did not fully brief this issue, this Court will not address this argument further.

Health Center wherein Plaintiff's counselor stated Plaintiff was "illiterate." (Tr. 415). Without more, this Court finds no error in the ALJ's decision not to further investigate this issue.

### C.    Subjective Complaints

Plaintiff claims the ALJ improperly evaluated his subjective complaints. ECF No. 7 at 16-17. Plaintiff does not provide any specific argument supporting this claim. *Id.* Thus, this Court will broadly address this issue. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In evaluating Plaintiff's subjective complaints, the ALJ fully complied with *Polaski*. The ALJ first referenced *Polaski* and the requirement he comply with this case is assessing Plaintiff's credibility:

> The claimant has made a number of subjective allegations and complaints which have been evaluated utilizing the criteria set forth in the case of Polaski v. Heckler, 739 F.2d 943 (8th Cir. 1984), Social Security Ruling 96-7p, and other relevant authority. Such authority mandates consideration of a number of specific factors in evaluating the credibility of the claimant's subjective statements.

(Tr. 16).

The ALJ then proceeded to evaluate each of those factors. For the first factor, the ALJ considered Plaintiff's daily activities. (Tr. 17, 23). For the second factor, the ALJ considered the duration, frequency, and intensity of Plaintiff's pain. (Tr. 17). Specifically, the ALJ noted Plaintiff alleged "chronic pain in his back and knee." *Id.* For the third factor, the ALJ evaluated the precipitating and aggravating factors and found working allegedly aggravated Plaintiff's condition. *Id.* For the fourth factor, the ALJ considered Plaintiff's medications. *Id.* The ALJ also recognized Plaintiff's "symptomatology is fairly well controlled with medications and compliance." (Tr. 23). Finally, for the fifth factor, the ALJ evaluated Plaintiff's functional restrictions and found Plaintiff

8

alleged his "knee hurts every day, that he can't squat, and that he doesn't have full range of motion in his knee anymore." *Id.*

After reviewing these factors, the ALJ then noted several inconsistencies between Plaintiff's subjective complaints and the record. For instance, the ALJ noted Plaintiff reported having very limited daily activities at the administrative hearing in this matter. (Tr. 23). This testimony was inconsistent with his reports to his mental health providers regarding his daily activities. *Id.* Indeed, he told his mental health providers he "works on cars, motorcycles, hunts, fishes, cooks, cleans house, and takes care of chores" as well as "takes care of a disabled son." *Id.* In light of this inconsistency, the ALJ then stated, "[i]t would appear that there is quite a bit of discrepancy from his testimony and the statements he has made to his mental health providers, which support much higher status concerning his activities of daily living." *Id.*

Based upon this reported inconsistency and others throughout the ALJ's opinion, this Court finds no error with the ALJ's *Polaski* analysis. *See Finch v. Astrue,* 547 F.3d 933, 935 (8th Cir. 2008) (holding that "[i]f an ALJ explicitly discredits a claimant's testimony and gives a good reason for doing so, we will normally defer to that judgment") (citation omitted).

### D.　　Additional Arguments

As a final note, Plaintiff raises several other miscellaneous arguments early in his briefing. This Court will now address each of these arguments. First, Plaintiff cites several medical records which he claims demonstrate he suffers from disabling pain. Specifically, Plaintiff claims the medical records from "Dr. Amir Quershi, Dr. Akin and Dr. Weems" provide this support. ECF No. 7 at 5. This Court has evaluated the medical records from each of these physicians and finds they do not establish any limitations greater than those found by the ALJ.

9

On August 2, 2006, Dr. Amir M. Qureshi, M.D. examined Plaintiff's lower back pain. (Tr. 375-376). Dr. Qureshi recognized Plaintiff reported having back pain but also noted Plaintiff needed continuing treatment in order to assess the severity of his back pain. (Tr. 376). He stated: "Down the road, if none of these injections help him, then he may be a good candidate for a discogram and possibly an SI joint in the future. I will [see] him back in a few weeks to reassess the branch blocks. He understands the risks and benefits behind the injection." (Tr. 376). Despite this recommendation to seek further treatment and additional testing, it does not appear Plaintiff was treated further by Dr. Qureshi.

On July 18, 2006, Plaintiff was examined by Dr. Eric D. Akin, M.D. (Tr. 378). During this examination, Dr. Akin stated he "reviewed the MRI of the lumbar spine which shows mild degenerative changes" and found Plaintiff was at "Maximum Medical Improvement." *Id.* Dr. Akin also noted Plaintiff had a limited range of motion "with bending at the waist to about 60 degrees." *Id.* On June 28, 2006, Dr. H.G. Weems, M.D. examined Plaintiff and noted Plaintiff continued to suffer from back pain. (Tr. 227). To treat this pain, Dr. Weems recommended Plaintiff seek physical therapy for four weeks. *Id.* There is, however, no record Plaintiff ever sought that physical therapy. *Id.*

As for Plaintiff's treatment with Dr. Qureshi and Dr. Weems, Plaintiff did not follow his prescribed course of treatment. This failure to follow a prescribed course of treatment indicates his back pain may not have been as severe as he alleged. *See Shannon v. Chater,* 54 F.3d 484, 486 (8th Cir. 1995) (holding that a "failure to seek medical treatment may be inconsistent with a finding of disability"). Plaintiff does not dispute he did not follow this continuing course of treatment to alleviate his back pain, but he seeks to excuse his failure to comply because he had "no funds." ECF No. 7 at 5. While a failure to seek further treatment may be excused where the claimant cannot afford

10

the treatment, the claimant is not excused unless he first makes a showing that he attempted to obtain free or low-cost medical treatment or had been denied medical care because of an inability to pay. *See Murphy v. Sullivan,* 953 F.2d 393, 386-87 (1992). Here, Plaintiff has made *no such showing*. Thus, because Plaintiff has not made the required showing, this Court finds Plaintiff's failure is not excused.

As for Plaintiff's treatment with Dr. Akin, Dr. Akin's findings actually *support* the ALJ's RFC determination. Indeed, Dr. Akin found relatively minor limitations which are entirely consistent with the ALJ's determination that Plaintiff retains the capacity to perform sedentary work. (Tr. 26, Finding 7). Accordingly, this Court finds the records from Dr. Amir Quershi, Dr. Akin, and Dr. Weems do not demonstrate Plaintiff has greater limitations than those found by the ALJ.

Second, Plaintiff claims the ALJ erred by finding his diabetes was controlled with medication. ECF No. 7 at 6. Plaintiff claims his diabetes was not controlled with medication. *Id.* Upon review of the ALJ's opinion, the ALJ *specifically recognized* Plaintiff's diabetes was not always controlled with medication: "These records are supportive that the claimant's diabetes was not always controlled." (Tr. 21). Because the ALJ fully considered Plaintiff's diabetes and did not find it was controlled with medication, Plaintiff's argument on this issue is meritless.[3]

Third, Plaintiff argues the ALJ erred by failing to further develop the record regarding his alleged mental impairment or depression. ECF No. 7 at 8. Plaintiff argues the ALJ improperly discredited his "mental impairment on the basis of Dr. Holladay's evaluation performed in 2006." *Id.* Plaintiff apparently argues the ALJ should have ordered a further consultative examination and

---

[3] Indeed, instead of focusing on whether Plaintiff's diabetes was controlled with medication, the ALJ found Plaintiff did not have work-related limitations due to his diabetes. *Id.* The ALJ noted Plaintiff's diabetes "is not associated with any heart, kidney, or brain damage and is not shown to limit his activities *in any way that would interfere with work activity*." (Tr. 21) (emphasis added).

11

further developed the record instead of relying upon the findings of Dr. Holladay. *Id.*

This Court has reviewed the ALJ's evaluation of this issue. In his opinion, the ALJ thoroughly analyzed and discussed Plaintiff's alleged mental impairment and his treatment records from UAMS AHEC Southwest Family Practice Clinic and Southwest Arkansas Counseling and Mental Health Center. There is absolutely no indication in the record that the ALJ dismissed Plaintiff's alleged mental impairment solely based upon the records of Dr. Holladay. Further, even if the ALJ failed to fully and fairly develop the record on this issue by not ordering a consultative examination, Plaintiff has not demonstrated he was prejudiced by this failure. Thus, no remand is required. *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993) (holding that a claimant must demonstrate he or she was "prejudiced or treated unfairly" by the ALJ not fully developing the record).

**4.   Conclusion:**

Based on the foregoing, the undersigned finds the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence. As such, this Court recommends Plaintiff's case be **AFFIRMED**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.** *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

ENTERED this 8th day of May 2012.

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE