IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ALLEN PHILLIPS                                                                                    PLAINTIFF

v.                                         No. 4:11-cv-4036

MICHAEL J. ASTRUE,
Commissioner of Social Security                                                     DEFENDANT

**ORDER**

Before the Court is the Plaintiff's Objection (ECF No. 12) to the Report and Recommendations filed by the Honorable Judge Barry Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 9). Judge Bryant recommends affirming an Administrative Law Judge's decision denying Social Security disability benefits to the Plaintiff. Plaintiff timely objects, arguing that the Commissioner's decision was not supported by substantial evidence and that an Administrative Law Judge ("ALJ") did not follow a remand Order from the Social Security Appellate Panel. (ECF No. 12). After reviewing the record *de novo*, the Court adopts the Report and Recommendation in its entirety.

Plaintiff first's objection is that the ALJ's failure to order a consultative exam prejudiced his case. (ECF No. 12). Judge Bryant concluded that the Plaintiff was not prejudiced by the lack of a consultative exam on remand because the ALJ properly considered the other medical records that were in the Court record. (ECF No. 9). Specifically, Judge Bryant found that "plaintiff has not demonstrated he was prejudiced by this failure" to order a consultative exam. *Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993) (holding that a claimant must demonstrate he or she was "prejudiced or treated unfairly" by the ALJ not fully developing the record). Judge Bryant further found that the

1

"ALJ thoroughly analyzed and discussed Plaintiff's alleged mental impairment and his treatment records from UAMS AHEC Southwest Family Practice Clinic and Southwest Arkansas Counseling and Mental Health Center. There is absolutely no indication in the record that the ALJ dismissed Plaintiff's alleged mental impairment solely based upon the records of Dr. Holladay." Judge Bryant further noted that "the ALJ also thoroughly reviewed the record in assessing Plaintiff's limitations. (Tr. 14-27)." (ECF No. 9) Here, Plaintiff has not made a specific objection and has only repeated the same argument used in Plaintiff's appeal brief. The Court finds that Judge Bryant's findings were supported by the record as a whole and that Plaintiff has not made objections specific enough to trigger further review. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

Plaintiff's second objection is that the ALJ erred in finding illiteracy was the only argument supporting a non-exertional limitation. (ECF No. 12). Related to this second objection, Plaintiff also argues that Judge Bryant wrongly concluded that, under the rule from the governing case on point, *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929, the ALJ committed no error in finding there were discrepancies in the record as to the amount of pain and daily activities which support a much higher status of activities than testified to. Judge Bryant concluded that the ALJ found the Plaintiff's testimony contained many discrepancies that discredited his testimony. (ECF No. 9).

Specific to this non-exertional limitation issue, Judge Bryant found that "the only *such* [non-exertional] limitation he has mentioned in his briefing is a limitation in his ability to read and write the English language." (ECF No. 9). However, Judge Bryant found that the Plaintiff checked a box saying he was not illiterate, and that the record held no evidence that the Plaintiff was illiterate.

Judge Bryant also found that the briefing did not show any other such pleaded non-exertional

2

limitations. However, Plaintiff points out that he did plead in his complaint that "this claim should be remanded for reconsideration of the evidence" that "Plaintiff's...severe depression ha[s] on his residual functional capacity." (ECF No. 7, at 16) Plaintiff did not mention these limitations in his briefs before the Court.

Even though Judge Bryant chose to leave unaddressed one line in the original complaint that was not specifically mentioned in the Plaintiff's brief, the Court finds that there is substantial evidence on the record as a whole that the ALJ properly considered any purported non-exertional limitations. *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002) (holding that the appropriate standard is "whether the Commissioner's findings are supported by substantial evidence on the record as a whole.").

As to the record as a whole, the Social Security Commissioner uses a five-step sequential evaluation in considering whether an adult claimant suffers from a disability. The Commissioner determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations; (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, whether the Commissioner has met its burden to prove that there are other jobs in the national economy that the claimant can perform. *See* 20 C.F.R. §§ 404.1520(a)-(f) (2003). The fact-finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520; 416.920 (2003).

Here, there is substantial evidence in the record that the ALJ properly concluded that Plaintiff did not have a severe impairment that significantly limited his physical or mental ability to perform basic work activities, and that there are other jobs in the national economy that the claimant can perform. (ECF No. 9)  The ALJ had the doctor's reports to consider at the hearing, as well as the testimony of the Plaintiff that cast doubt on the credibility of his claim.  Regardless of whether the other evidence of purported depression and pain were considered by Judge Bryant in determining whether any other non-exertional limitations should have been a part of the Plaintiff's profile, any such evidence was before the ALJ and was properly considered.

For the above reasons, as well as those contained in the Report and Recommendation, the Court adopts the Judge Bryant's Report and Recommendation (ECF No. 9) in its entirety.  Accordingly, Plaintiff's Complaint (ECF No. 1) should be and hereby is **DISMISSED.**

**IT IS SO ORDERED**, this 2nd day of July, 2012.

/s/ Susan O. Hickey
Hon. Susan O. Hickey
United States District Judge